# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

LISSA COTTRELL,

        Plaintiff,

v.                                        **MEMORANDUM OF LAW & ORDER**
                                          Civil File No. 10-3154 (MJD/JJK)

COSTCO WHOLESALE CORP.,

        Defendant.

Stephen M. Thompson and Tammy P. Friederichs, Friederichs & Thompson, PA, Counsel for Plaintiff.

Annette Tyman, Erin Dougherty Foley, and Gerald L. Pauling, II, Seyfarth Shaw LLP, and Joseph G. Schmitt and Megan J. Kelley, Nilan Johnson Lewis PA, Counsel for Defendant.

## I.      INTRODUCTION

This case is set for jury trial starting Wednesday, September 5, 2012.

Plaintiff has filed one motion in limine; Defendant has filed ten motions in

limine, two motions to quash subpoenas, and one motion to strike.

## II.      PLAINTIFF'S MOTION IN LIMINE [DOCKET NO. 39]

The Court grants Plaintiff Lissa Cottrell's motion to exclude the testimony

of Mark Stalwick, identified as a potential trial witness by Defendant Costco

Wholesale Corp. ("Costco") in a June 21, 2012 email.  Costco did not identify

Stalwick as a potential witness until the eleventh hour.  The Court concludes that

passing reference to Stalwick in a deposition and document does not sufficiently

ameliorate the unfair surprise of calling this witness, whose testimony appears to

be duplicative and only slightly relevant.  See Troknya v. Cleveland Chiropractic

Clinic, 280 F.3d 1200, 1205 (8th Cir. 2002).

The Court grants Cottrell's motion to exclude the March 12, 2010 Affidavit

of Costco Employee Thomas May, which was prepared after her termination to

support Costco's opposition to her receipt of unemployment benefits.  This

document is irrelevant and, also, is hearsay.  It was prepared after Costco

terminated Cottrell in connection with an adversary proceeding; it does not

disclose the information upon which Costco based its termination decision at the

time of the termination.

The Court also grants Plaintiff's request to exclude the findings of the

EEOC and the Minnesota Department of Human Rights ("MDHR").  The Court

has discretion regarding the admissibility of such agency determinations and

must "ensure that unfair prejudice does not result from a conclusion based on a

cursory EEOC review of the very facts examined in depth at trial."   Estes v. Dick

Smith Ford, Inc., 856 F.2d 1097, 1105 (8th Cir. 1988), overruled on other grounds

by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989) (plurality opinion).  Here,

the determinations are based on evidence that is disputed by Plaintiff and any

minimal relevance is substantially outweighed by the danger of confusion and

unfair prejudice.

## III.   DEFENDANT'S MOTION IN LIMINE NO. 1 TO PREVENT THE CHARACTERIZATION OF CONDUCT OR COMPLAINTS AS "SEXUAL HARASSMENT" [DOCKET NO. 51]

The Court denies Defendant's motion to prevent Plaintiff from

characterizing conduct or complaints as "sexual harassment."  The Court will

provide an appropriate limiting instruction to the jury.

## IV.   DEFENDANT'S CORRECTED MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S ABANDONED CLAIMS [DOCKET NO. 83]

The Court denies Defendant's motion to bar Plaintiff from introducing any

evidence or testimony regarding her abandoned disability discrimination and

FMLA claims because evidence related to the abandoned claims is admissible to

the extent that it is relevant to the remaining retaliation claim.

## V.   DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF ALLEGEDLY SEXUALLY HARASSING CONDUCT ABOUT WHICH PLAINTIFF DID NOT COMPLAIN [DOCKET NO. 58]

The Court grants Defendant's motion to exclude any evidence of allegedly sexually harassing conduct about which Plaintiff never complained to Costco. As the Court previously ruled, instances of alleged sexual harassment that Cottrell failed to report to Costco could not be used to support her prima facie case of sexual harassment.  (Summary Judgment Order at 18-19.)  Furthermore, Costco could not have retaliated against Cottrell if it had no knowledge of the underlying activity or complaint.  Therefore, allegations of sexual harassment about which she did not complain are irrelevant to her retaliation claim.

## VI.   DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF WORKPLACE COMPLAINTS BY PLAINTIFF THAT DO NOT CONSTITUTE "PROTECTED ACTIVITY" [DOCKET NO. 61]

The Court denies Defendant's motion to exclude workplace complaints made by Cottrell that, in Costco's opinion, do not rise to the level of statutorily protected activity.  Plaintiff's complaints are part of the overall context of her retaliation claim and the issue of whether they constitute protected activity is an issue for trial.

## VII.   DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF CHALLENGED JOB ACTIONS THAT ARE NOT "MATERIALLY ADVERSE" [DOCKET NO. 64]

The Court denies Defendant's motion to exclude evidence of job actions challenged by Cottrell during her employment that are not, individually,

materially adverse.  Plaintiff is permitted to attempt to prove a pattern of

conduct by Costco and to attempt to show Costco's motivation for its ultimate

decision to suspend and terminate her.

## VIII. DEFENDANT'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF PLAINTIFF'S COMPLAINTS MADE BEFORE AUGUST 2009 [DOCKET NO. 67]

The Court denies Defendant's motion to exclude evidence of Plaintiff's

complaints made before August 2009, because this evidence is probative of

whether there existed a pattern of retaliatory action.

## IX. DEFENDANT'S MOTION IN LIMINE NO. 7 TO EXCLUDE IMPROPER OPINION TESTIMONY [DOCKET NO. 70]

The Court grants Defendant's motion to exclude Cottrell's testimony that

Costco's retaliation caused her to have a neck injury that required surgery

because she has provided no evidence of causation, beyond her own lay opinion.

When an injury is sophisticated, "i.e., requiring surgical intervention or other

highly scientific technique for diagnosis, proof of causation is not within the

realm of lay understanding and must be established through expert testimony."

Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002) (citation omitted).

## X. DEFENDANT'S CORRECTED MOTION IN LIMINE NO. 8 TO EXCLUDE EVIDENCE REGARDING EMOTIONAL DISTRESS DAMAGES ABOVE "GARDEN VARIETY" EMOTIONAL DISTRESS [DOCKET NO. 92]

The Court grants Defendant's motion to preclude Plaintiff from offering evidence of emotional distress damages beyond "garden variety" emotional distress.  Plaintiff provides no expert testimony on causation.  Her own conclusory testimony is insufficient to establish any type of specific medical ailment caused by the alleged retaliation.  See Hahn v. Minn. Beef Indus., Inc., No. Civ. 002282 (RHK/SRN), 2002 WL 32658476, at *3 (D. Minn. May 29, 2002). Cottrell's testimony regarding emotional distress is limited to the usual and customary emotional distress that results from a workplace termination, such as anger, sadness, and humiliation.  See, e.g., Flowers v. Owens, 274 F.R.D. 218, 220 (N.D. Ill. 2011).

## XI.   DEFENDANT'S MOTION IN LIMINE NO. 9 TO LIMIT PLAINTIFF'S EVIDENCE OF BACK PAY AND TO PRECLUDE EVIDENCE OF FRONT PAY [DOCKET NO. 76]

The Court denies Costco's motion to limit Cottrell's back pay to the period before July 2010 and preclude her from introducing evidence regarding front pay.  It is Costco's burden to prove that a suitable full-time job was available and that Cottrell did not make reasonable efforts to obtain such an available job.  See Excel Corp. v. Bosley, 165 F.3d 635, 639 (8th Cir. 1999).

The Court notes, however, that "[t]he issue of front pay is not an issue for the jury to decide, rather it is a form of equitable relief which must be determined

6

by the district court after considering all aspects of the case." <u>Id.</u> (citations

omitted).  Thus, evidence regarding the propriety of an award of front-pay shall

not be submitted to the jury during trial, but, depending on the outcome of the

jury trial, will be submitted to the Court in a separate proceeding.

## XII.   DEFENDANT'S CORRECTED MOTION IN LIMINE #10 TO EXCLUDE EVIDENCE IN SUPPORT OF EMOTIONAL DISTRESS DAMAGES STEMMING FROM PLAINTIFF'S SEXUAL HARASSMENT CLAIM [DOCKET NO. 95]

The Court grants Defendant's motion to bar Plaintiff from offering

evidence that she suffered emotional distress because of sexual harassment and

that she suffered from any physical or mental health condition because of

conduct by Costco.  This Court dismissed the sexual harassment claim on

summary judgment; thus, evidence of damages allegedly caused by sexual

harassment is inadmissible. (<u>See</u> Tyman Decl., Tab B, Cottrell Dep. 20-21.)

## XIII.   DEFENDANT'S MOTION TO QUASH TRIAL SUBPOENA OF HAROLD MCCULLUM [DOCKET NO. 100]

The Court grants Defendant's motion to quash the trial subpoena of

Harold McCullum, a non-officer employee of Costco who lives more than 100

miles outside the District of Minnesota.

> On timely motion, the issuing court must quash or modify a
> subpoena that . . .  requires a person who is neither a party nor a

party's officer to travel more than 100 miles from where that person
resides, is employed, or regularly transacts business in person. . . .

Fed. R. Civ. P. 45(c)(3)(A)(ii).

Because McCullum is an employee of Costco, but not an officer, the Court

must quash this subpoena.  See, e.g., Aristocrat Leisure Ltd. v. Deutsche Bank

Trust Co. Americas, 262 F.R.D. 293, 302 (S.D.N.Y. 2009) ( "[S]ubpoenas served on

individual employees who are not corporate officers, and who reside outside the

geographic scope of Rule 45, must be quashed.").

## XIV.   DEFENDANT'S MOTION TO QUASH TRIAL SUBPOENA OF LOUIE SILVEIRA [DOCKET NO. 105]

The Court denies Defendant's motion to quash Plaintiff's subpoena to

Costco Assistant Vice President and Regional Operations Manager Louie

Silveira.  Silveira is an officer of Costco.  His testimony is relevant to Plaintiff's

case, and his credibility is at issue.  Plaintiff has provided for his mileage and

witness fees.  The Court concludes that there is no undue burden.

## XV.   DEFENDANT'S MOTION TO STRIKE [DOCKET NO. 117]

The Court denies Defendant's motion to strike Plaintiff's opposition to

Defendant's motions to quash.  The timing of Plaintiff's filing has not prejudiced

Defendant; the Court expects that Defendant is prepared to produce Silveira

because, regardless of the timing of Plaintiff's filing, the Court had not given any

previous indication that it would quash the subpoena and Defendant could not

have presumed to predict how the Court would rule.

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

1. Plaintiff's Motion in Limine [Docket No. 39] is **GRANTED**.

2. Defendant's Motion in Limine No. 1 to Prevent the Characterization of Conduct or Complaints as "Sexual Harassment" [Docket No. 51] is **DENIED**.

3. Defendant's Corrected Motion in Limine No. 2 to Exclude Evidence Regarding Plaintiff's Abandoned Claims [Docket No. 83] is **DENIED**.

4. Defendant's Motion in Limine No. 3 to Exclude Evidence of Allegedly Sexually Harassing Conduct About Which Plaintiff Did not Complain [Docket No. 58] is **GRANTED**.

5. Defendant's Motion in Limine No. 4 to Exclude Evidence of Workplace Complaints by Plaintiff that Do not Constitute "Protected Activity" [Docket No. 61] is **DENIED**.

6. Defendant's Motion in Limine No. 5 to Exclude Evidence of Challenged Job Actions that Are not "Materially Adverse" [Docket No. 64] is **DENIED**.

7. Defendant's Motion in Limine No. 6 to Exclude Evidence of Plaintiff's Complaints Made Before August 2009 [Docket No. 67] is **DENIED**.

8. Defendant's Motion in Limine No. 7 to Exclude Improper Opinion Testimony [Docket No. 70] is **GRANTED**.

9.    Defendant's Corrected Motion in Limine No. 8 to Exclude Evidence Regarding Emotional Distress Damages Above "Garden Variety" Emotional Distress [Docket No. 92] is **GRANTED**.

10.   Defendant's Motion in Limine No. 9 to Limit Plaintiff's Evidence of Back Pay and to Preclude Evidence of Front Pay [Docket No. 76] is **DENIED**.

11.   Defendant's Corrected Motion in Limine #10 to Exclude Evidence In Support of Emotional Distress Damages Stemming from Plaintiff's Sexual Harassment Claim [Docket No. 95] is **GRANTED**.

12.   Defendant's Motion to Quash Trial Subpoena of Harold McCullum [Docket No. 100] is **GRANTED**.

13.   Defendant's Motion to Quash Trial Subpoena of Louie Silveira [Docket No. 105] is **DENIED**.

14.   Defendant's Motion to Strike [Docket No. 117] is **DENIED**.


Dated:   August 31, 2012                 s/ Michael J. Davis
                                          Michael J. Davis
                                          Chief Judge
                                          United States District Court