# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

LISSA COTTRELL,

      Plaintiff,

v.                            **MEMORANDUM OF LAW & ORDER**
                              Civil File No. 10-3154 (MJD/JJK)

COSTCO WHOLESALE CORP.,

      Defendant.

Stephen M. Thompson and Tammy P. Friederichs, Friederichs & Thompson, PA, Counsel for Plaintiff.

Annette Tyman, Erin Dougherty Foley, and Gerald L. Pauling, II, Seyfarth Shaw LLP, and Joseph G. Schmitt and Megan J. Kelley, Nilan Johnson Lewis PA, Counsel for Defendant.

## I.   INTRODUCTION

This case is set for jury trial starting Wednesday, September 5, 2012. Plaintiff has filed one motion in limine; Defendant has filed ten motions in limine, two motions to quash subpoenas, and one motion to strike.

## II.   PLAINTIFF'S MOTION IN LIMINE [DOCKET NO. 39]

The Court grants Plaintiff Lissa Cottrell's motion to exclude the testimony of Mark Stalwick, identified as a potential trial witness by Defendant Costco

1

Wholesale Corp. ("Costco") in a June 21, 2012 email.  Costco did not identify Stalwick as a potential witness until the eleventh hour.  The Court concludes that passing reference to Stalwick in a deposition and document does not sufficiently ameliorate the unfair surprise of calling this witness, whose testimony appears to be duplicative and only slightly relevant.  See Troknya v. Cleveland Chiropractic Clinic, 280 F.3d 1200, 1205 (8th Cir. 2002).

The Court grants Cottrell's motion to exclude the March 12, 2010 Affidavit of Costco Employee Thomas May, which was prepared after her termination to support Costco's opposition to her receipt of unemployment benefits.  This document is irrelevant and, also, is hearsay.  It was prepared after Costco terminated Cottrell in connection with an adversary proceeding; it does not disclose the information upon which Costco based its termination decision at the time of the termination.

The Court also grants Plaintiff's request to exclude the findings of the EEOC and the Minnesota Department of Human Rights ("MDHR").  The Court has discretion regarding the admissibility of such agency determinations and must "ensure that unfair prejudice does not result from a conclusion based on a cursory EEOC review of the very facts examined in depth at trial."  Estes v. Dick

Smith Ford, Inc., 856 F.2d 1097, 1105 (8th Cir. 1988), overruled on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989) (plurality opinion). Here, the determinations are based on evidence that is disputed by Plaintiff and any minimal relevance is substantially outweighed by the danger of confusion and unfair prejudice.

### III. DEFENDANT'S MOTION IN LIMINE NO. 1 TO PREVENT THE CHARACTERIZATION OF CONDUCT OR COMPLAINTS AS "SEXUAL HARASSMENT" [DOCKET NO. 51]

The Court denies Defendant's motion to prevent Plaintiff from characterizing conduct or complaints as "sexual harassment." The Court will provide an appropriate limiting instruction to the jury.

### IV. DEFENDANT'S CORRECTED MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S ABANDONED CLAIMS [DOCKET NO. 83]

The Court denies Defendant's motion to bar Plaintiff from introducing any evidence or testimony regarding her abandoned disability discrimination and FMLA claims because evidence related to the abandoned claims is admissible to the extent that it is relevant to the remaining retaliation claim.

### V. DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF ALLEGEDLY SEXUALLY HARASSING CONDUCT ABOUT WHICH PLAINTIFF DID NOT COMPLAIN [DOCKET NO. 58]

The Court grants Defendant's motion to exclude any evidence of allegedly sexually harassing conduct about which Plaintiff never complained to Costco. As the Court previously ruled, instances of alleged sexual harassment that Cottrell failed to report to Costco could not be used to support her prima facie case of sexual harassment. (Summary Judgment Order at 18-19.) Furthermore, Costco could not have retaliated against Cottrell if it had no knowledge of the underlying activity or complaint. Therefore, allegations of sexual harassment about which she did not complain are irrelevant to her retaliation claim.

**VI. DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF WORKPLACE COMPLAINTS BY PLAINTIFF THAT DO NOT CONSTITUTE "PROTECTED ACTIVITY" [DOCKET NO. 61]**

The Court denies Defendant's motion to exclude workplace complaints made by Cottrell that, in Costco's opinion, do not rise to the level of statutorily protected activity. Plaintiff's complaints are part of the overall context of her retaliation claim and the issue of whether they constitute protected activity is an issue for trial.

**VII. DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF CHALLENGED JOB ACTIONS THAT ARE NOT "MATERIALLY ADVERSE" [DOCKET NO. 64]**

The Court denies Defendant's motion to exclude evidence of job actions challenged by Cottrell during her employment that are not, individually,

materially adverse. Plaintiff is permitted to attempt to prove a pattern of conduct by Costco and to attempt to show Costco's motivation for its ultimate decision to suspend and terminate her.

VIII. **DEFENDANT'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF PLAINTIFF'S COMPLAINTS MADE BEFORE AUGUST 2009 [DOCKET NO. 67]**

The Court denies Defendant's motion to exclude evidence of Plaintiff's complaints made before August 2009, because this evidence is probative of whether there existed a pattern of retaliatory action.

IX. **DEFENDANT'S MOTION IN LIMINE NO. 7 TO EXCLUDE IMPROPER OPINION TESTIMONY [DOCKET NO. 70]**

The Court grants Defendant's motion to exclude Cottrell's testimony that Costco's retaliation caused her to have a neck injury that required surgery because she has provided no evidence of causation, beyond her own lay opinion. When an injury is sophisticated, "i.e., requiring surgical intervention or other highly scientific technique for diagnosis, proof of causation is not within the realm of lay understanding and must be established through expert testimony." Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002) (citation omitted).

X. **DEFENDANT'S CORRECTED MOTION IN LIMINE NO. 8 TO EXCLUDE EVIDENCE REGARDING EMOTIONAL DISTRESS DAMAGES ABOVE "GARDEN VARIETY" EMOTIONAL DISTRESS [DOCKET NO. 92]**

The Court grants Defendant's motion to preclude Plaintiff from offering evidence of emotional distress damages beyond "garden variety" emotional distress. Plaintiff provides no expert testimony on causation. Her own conclusory testimony is insufficient to establish any type of specific medical ailment caused by the alleged retaliation. See Hahn v. Minn. Beef Indus., Inc., No. Civ. 002282 (RHK/SRN), 2002 WL 32658476, at *3 (D. Minn. May 29, 2002). Cottrell's testimony regarding emotional distress is limited to the usual and customary emotional distress that results from a workplace termination, such as anger, sadness, and humiliation. See, e.g., Flowers v. Owens, 274 F.R.D. 218, 220 (N.D. Ill. 2011).

## XI. DEFENDANT'S MOTION IN LIMINE NO. 9 TO LIMIT PLAINTIFF'S EVIDENCE OF BACK PAY AND TO PRECLUDE EVIDENCE OF FRONT PAY [DOCKET NO. 76]

The Court denies Costco's motion to limit Cottrell's back pay to the period before July 2010 and preclude her from introducing evidence regarding front pay. It is Costco's burden to prove that a suitable full-time job was available and that Cottrell did not make reasonable efforts to obtain such an available job. See Excel Corp. v. Bosley, 165 F.3d 635, 639 (8th Cir. 1999).

The Court notes, however, that "[t]he issue of front pay is not an issue for the jury to decide, rather it is a form of equitable relief which must be determined

by the district court after considering all aspects of the case." Id. (citations omitted). Thus, evidence regarding the propriety of an award of front-pay shall not be submitted to the jury during trial, but, depending on the outcome of the jury trial, will be submitted to the Court in a separate proceeding.

**XII. DEFENDANT'S CORRECTED MOTION IN LIMINE #10 TO EXCLUDE EVIDENCE IN SUPPORT OF EMOTIONAL DISTRESS DAMAGES STEMMING FROM PLAINTIFF'S SEXUAL HARASSMENT CLAIM [DOCKET NO. 95]**

The Court grants Defendant's motion to bar Plaintiff from offering evidence that she suffered emotional distress because of sexual harassment and that she suffered from any physical or mental health condition because of conduct by Costco. This Court dismissed the sexual harassment claim on summary judgment; thus, evidence of damages allegedly caused by sexual harassment is inadmissible. (See Tyman Decl., Tab B, Cottrell Dep. 20-21.)

**XIII. DEFENDANT'S MOTION TO QUASH TRIAL SUBPOENA OF HAROLD MCCULLUM [DOCKET NO. 100]**

The Court grants Defendant's motion to quash the trial subpoena of Harold McCullum, a non-officer employee of Costco who lives more than 100 miles outside the District of Minnesota.

> On timely motion, the issuing court must quash or modify a subpoena that . . . requires a person who is neither a party nor a

7

party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person. . . .

Fed. R. Civ. P. 45(c)(3)(A)(ii).

Because McCullum is an employee of Costco, but not an officer, the Court must quash this subpoena. See, e.g., Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 262 F.R.D. 293, 302 (S.D.N.Y. 2009) ( "[S]ubpoenas served on individual employees who are not corporate officers, and who reside outside the geographic scope of Rule 45, must be quashed.").

## XIV. DEFENDANT'S MOTION TO QUASH TRIAL SUBPOENA OF LOUIE SILVEIRA [DOCKET NO. 105]

The Court denies Defendant's motion to quash Plaintiff's subpoena to Costco Assistant Vice President and Regional Operations Manager Louie Silveira. Silveira is an officer of Costco. His testimony is relevant to Plaintiff's case, and his credibility is at issue. Plaintiff has provided for his mileage and witness fees. The Court concludes that there is no undue burden.

## XV. DEFENDANT'S MOTION TO STRIKE [DOCKET NO. 117]

The Court denies Defendant's motion to strike Plaintiff's opposition to Defendant's motions to quash. The timing of Plaintiff's filing has not prejudiced Defendant; the Court expects that Defendant is prepared to produce Silveira because, regardless of the timing of Plaintiff's filing, the Court had not given any

previous indication that it would quash the subpoena and Defendant could not have presumed to predict how the Court would rule.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion in Limine [Docket No. 39] is **GRANTED**.

2. Defendant's Motion in Limine No. 1 to Prevent the Characterization of Conduct or Complaints as "Sexual Harassment" [Docket No. 51] is **DENIED**.

3. Defendant's Corrected Motion in Limine No. 2 to Exclude Evidence Regarding Plaintiff's Abandoned Claims [Docket No. 83] is **DENIED**.

4. Defendant's Motion in Limine No. 3 to Exclude Evidence of Allegedly Sexually Harassing Conduct About Which Plaintiff Did not Complain [Docket No. 58] is **GRANTED**.

5. Defendant's Motion in Limine No. 4 to Exclude Evidence of Workplace Complaints by Plaintiff that Do not Constitute "Protected Activity" [Docket No. 61] is **DENIED**.

6. Defendant's Motion in Limine No. 5 to Exclude Evidence of Challenged Job Actions that Are not "Materially Adverse" [Docket No. 64] is **DENIED**.

7. Defendant's Motion in Limine No. 6 to Exclude Evidence of Plaintiff's Complaints Made Before August 2009 [Docket No. 67] is **DENIED**.

8. Defendant's Motion in Limine No. 7 to Exclude Improper Opinion Testimony [Docket No. 70] is **GRANTED**.

9. Defendant's Corrected Motion in Limine No. 8 to Exclude Evidence Regarding Emotional Distress Damages Above "Garden Variety" Emotional Distress [Docket No. 92] is **GRANTED**.

10. Defendant's Motion in Limine No. 9 to Limit Plaintiff's Evidence of Back Pay and to Preclude Evidence of Front Pay [Docket No. 76] is **DENIED**.

11. Defendant's Corrected Motion in Limine #10 to Exclude Evidence In Support of Emotional Distress Damages Stemming from Plaintiff's Sexual Harassment Claim [Docket No. 95] is **GRANTED**.

12. Defendant's Motion to Quash Trial Subpoena of Harold McCullum [Docket No. 100] is **GRANTED**.

13. Defendant's Motion to Quash Trial Subpoena of Louie Silveira [Docket No. 105] is **DENIED**.

14. Defendant's Motion to Strike [Docket No. 117] is **DENIED**.

Dated: August 31, 2012         s/ Michael J. Davis
                               Michael J. Davis
                               Chief Judge
                               United States District Court